NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALBERT W. WOHLWEND,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7096

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 08-0356, Chief Judge Bruce E. Kasold.

---

Decided: March 6, 2015

---

MARK A. KNUEVE, Vorys Sater Seymore and Pease LLP, Columbus, OH, for claimant-appellant. Also represented by MICAH D. DAWSON.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; LARA EILHARDT, Y. KEN LEE, Office of Gen-

eral Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, O'MALLEY, and WALLACH, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

Albert Wohlwend appeals the order of the Court of Appeals for Veterans Claims ("Veterans Court") denying his motion to recall the mandate for failure to demonstrate that equitable tolling of the appeal period is appropriate. Because we conclude that Wohlwend failed to raise sufficiently any legal issues to justify our jurisdiction, we *dismiss*.

## I. BACKGROUND

Wohlwend obtained assistance from the Disabled American Veterans ("DAV") in pursuing his claim for an increased disability rating before the Board of Veterans Appeals ("the Board"). On March 7, 2007, the Board denied Wohlwend's claim, triggering his time to file an appeal. Because Wohlwend did not file his Notice of Appeal until January 4, 2008—more than 120 days after the date of the Board's decision—the Veterans Court dismissed his appeal as untimely. In dismissing Wohlwend's appeal, the district court concluded that, under 38 U.S.C. § 7266(a), the 120-day time period to file the notice of appeal was jurisdictional and, therefore, not subject to equitable tolling. *Wohlwend v. Shinseki*, No. 08-356, 2009 WL 661922, at *1 (Vet. App. Mar. 13, 2009).

In 2011, the Supreme Court held that the time to file a Notice of Appeal was not jurisdictional. *See Henderson v. Shinseki*, 562 U.S. 428 (2011). In response to this holding, the Veterans Court notified veterans whose appeals had been dismissed for untimely filing of a Notice of Appeal that they could file a motion to recall the mandate premised on an argument that the case warrants

equitable tolling of the appeal period. Wohlwend responded by moving to recall the mandate, arguing that he had reasonably relied on DAV, his representative before the Board, to file the Notice of Appeal. The Veterans Court denied his motion to reopen the mandate, explaining that the failure of a representative to file a timely Notice of Appeal is "garden variety" excusable neglect and not a basis for equitable tolling. *Wohlwend v. Shinseki*, No. 08-356, 2012 WL 2873604, at *1 (Vet. App. July 13, 2012)**.** On December 17, 2013, this court vacated the Veterans Court's order and remanded the case for the court to consider whether "the veterans service officer's failure to act on [] Wohlwend's behalf, and the affirmative misrepresentation made by DAV, entitle [] Wohlwend to equitable tolling of the filing deadline." *Wohlwend v. Shinseki*, 549 F. App'x 1015, 1019 (Fed. Cir. 2013).

On remand, the Veterans Court requested evidence from DAV and Wohlwend regarding the allegation that DAV abandoned Wohlwend. Wohlwend submitted a declaration outlining his alleged attempts to contact his representatives at DAV. DAV submitted a letter to the court stating that, although it did not have any record that it offered to file an appeal for Wohlwend, it could not discount the possibility of a miscommunication with Wohlwend. On May 15, 2014, the Veterans Court denied Wohlwend's motion to recall the mandate. *See Wohlwend v. Shinseki*, No. 08-356, 2014 WL 1931182 (Vet. App. Mar. 15, 2014) ("*Veterans Court Order*"). The Veterans Court explained that, "based on the totality of the evidence and argument submitted," *id.* at *2, Wohlwend failed to demonstrate that equitable tolling is appropriate in this case. The Veterans Court pointed to evidence on the record that conflicted with his testimony, Wohlwend's failure to provide any dates or corroborating evidence, and the lack of a written agreement with DAV regarding representation on appeal. *Id.* at *2–3. The Veterans Court concluded: "the evidence reflects an agreement by

DAV to *consider* representation and the filing of appellant's [Notice of Appeal], but no agreement to do so. Absent an agreement to represent the appellant or file the [Notice of Appeal], there can be no abandonment." *Id.* at *3 (emphasis in original). Wohlwend timely appealed the Veterans Court's order.

## II. Discussion

Our jurisdiction over the decisions of the Veterans Court is limited by statute. *Bond v. Shinseki*, 659 F.3d 1362, 1366 (Fed. Cir. 2011). Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Wohlwend argues that the material facts are not in dispute and that "[t]he sole question is whether equitable tolling is available under the facts presented." Appellant's Br. 7. By statute, however, we do not have jurisdiction to review the application of the law to the facts of a case. *See* 38 U.S.C. § 7292(d)(2). Although Wohlwend contends that the Veterans Court incorrectly required a "hard copy agreement" with the DAV, the Veterans Court made no such legal conclusion. Indeed, contrary to Wohlwend's assertions, the Veterans Court made a factual determination as to the sufficiency of Wohlwend's evidence, mentioning not only the lack of a written agreement, but also pointing to the "inherent indications of unreliability due to faulty memory or lack of detail" in Wohlwend's sworn testimony. *Veterans Court Order*, 2014 WL 1931182, at *3 ("Either way, the appellant's statement reflects a memory in conflict with the record."). In this case, the Veterans Court considered the "totality of the evidence and argument submitted," and concluded that Wohlwend failed to demonstrate that equitable tolling was appropriate. *Veterans Court Order*, 2014 WL 1931182 at *2. This is precisely the sort of factual deter-

mination that we do not have jurisdiction to review. *See* Appellant's Br. 9–12.[1]

### III. CONCLUSION

For the foregoing reasons, we dismiss for lack of jurisdiction.

**DISMISSED**

---

[1] Wohlwend also argues that he is entitled to equitable relief because his counsel affirmatively lied to him regarding the deadline. We lack jurisdiction to consider Wohlwend's equitable argument because that too is based on the reliability of Wohlwend's testimony. *See id*. at 12–13.